```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                 :
KING RANGE,                                      :
                                                 :
                        Plaintiff,               :       16-CV-1016 (JMF)
                                                 :
         -v-                                     :       ORDER OF DISMISSAL
                                                 :
515 BROADWAY CORP., et al.,                      :
                                                 :
                        Defendants.              :
                                                 :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      The parties are in agreement that Plaintiff's sole federal claim, under the Americans with Disabilities Act ("ADA"), must be dismissed for lack of subject-matter jurisdiction because the store that is the subject of this action is no longer in operation. (Docket Nos. 114-116). Substantially for the reasons set forth in *Thomas v. Grunberg 77 LLC*, No. 15-CV-1925 (GBD) (BCM), 2017 WL 3225989, at *1-2 (S.D.N.Y. July 5, 2017), *report and recommendation adopted by* 2017 WL 3263141 (S.D.N.Y. July 28, 2017), the Court agrees. Accordingly, Plaintiff's ADA claim is dismissed as moot. Additionally, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See id.* at *2-3.[1]

      For the foregoing reasons, Plaintiff's claims are dismissed. The Clerk of Court is directed to close the case. All conferences are cancelled. All motions are moot.

      SO ORDERED.

Dated: November 13, 2017
       New York, New York

                                            JESSE M. FURMAN
                                            United States District Judge

---

[1] Although Plaintiff agrees that his federal claim must be dismissed, he describes the reason as a lack of standing. (Docket No. 116). That is incorrect, as standing is evaluated at the time a lawsuit is filed. *See, e.g., Comer v. Cisneros*, 37 F.3d 775, 797 (2d Cir. 1994). The issue is one of mootness, not lack of standing. For that reason, Plaintiff is also wrong in stating that the Court "is unable to exercise supplemental jurisdiction" over his state-law claims. (Docket No. 116). The Court may exercise supplemental jurisdiction. *See, e.g., Thomas*, 2017 WL 3225989, at *2-3. But it declines to do so.